**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MYRON HUNN, et al., <br><br> Plaintiff, <br><br> vs. <br><br> COUNTRYWIDE BANK, FSB, et al., <br><br> Defendants. | Case No. 2:09-cv-02429-GMN-PAL <br><br> **REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Plaintiff Myron Hunn's failure to comply with this court's Order (Dkt. #19) and Order to Show Cause (Dkt. #23). On July 30, 2010, the court granted attorney P. Sterling Kerr's Motion to Withdraw (Dkt. #18) and gave Plaintiff thirty days in which to retain counsel or file a notice with the court that he would be appear *pro se*. *See* Order, Dkt. #19. The Order (Dkt. #19) directed the Clerk of the Court to serve Plaintiff with a copy of the order at his last known address provided by his former counsel. Plaintiff failed to either retain counsel or file a notice with the court that he would appear *pro se* and did not request an extension of time in which to comply with the court's Order (Dkt. #19). The docket reflects that Plaintiff did not receive the Order (Dkt. #19), and it was returned to the court as undeliverable.

On September 14, 2010, the court entered an Order to Show Cause (Dkt. #23) based on Plaintiff's failure to comply with the court's previous Order (Dkt. #19). The court also advised Plaintiff that he has a duty to keep the court apprised of his current address. The court directed Plaintiff to show cause in writing no later than October 11, 2010 why he had not complied with the court's Order (Dkt. #19). The Order to Show Cause (Dkt. #23) warned Plaintiff that failure to timely comply with the Order to Show Cause (Dkt. #19) "will result in a recommendation to the District Judge that Plaintiff's

///

Complaint be dismissed." *Id.* Plaintiff failed to file a response to the Order to Show Cause (Dkt. #19), and he has not requested an extension of time in which to do so.

Plaintiff's failure to comply with the court's Order (Dkt. #19) and Order to Show Cause (Dkt. #23) and failure to keep the court apprised of his current address has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** unless Plaintiff updates the court with his current address and either: (a) retains counsel who files a notice of appearance in accordance with the Local Rules; or (b) files a statement that he will proceed *pro se* on or before **November 19, 2010.**

Dated this 25th day of October, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153

/ / /

1  (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject
2  to the page limitations found in LR 7-4.